Gong v. Holder

BIA
Mulligan, IJ
A089 899 646

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand fourteen.

PRESENT:
>       PIERRE N. LEVAL,
>       GUIDO CALABRESI,
>       JOSÉ A. CABRANES,
>               *Circuit Judges.*

_____

LINGEN GONG,
>       *Petitioner,*

>       v.                                    13-1201
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

1

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lingen Gong, a native and citizen of the People's Republic of China, seeks review of a March 26, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") April 11, 2011, decision, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Lingen Gong*, No. A089 899 646 (B.I.A. Mar. 26, 2013), *aff'g* No. A089 899 646 (Immig. Ct. N.Y. City Apr. 11, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The

applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Gong's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  We "defer [] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on Gong's fraudulent claim of persecution. *See Xiu Xia Lin,* 534 F.3d at 167.  Before the IJ, Gong admitted that he asserted a false claim of past persecution both in his original asylum application and at his asylum interview.  The IJ therefore reasonably relied on this

3

admission and the inconsistency, between Gong's initial asylum application and interview and his amended application, to find him not credible. *See Xiu Xia Lin,* 534 F.3d at 167; *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence").

Gong asserts that his false claim does not affect his credibility because an adviser who misrepresented himself as an attorney told him to lie and he later repudiated the claim. But the IJ considered and reasonably rejected that explanation because Gong did not establish that he was coerced to rely on that misadvice and he did not explicitly repudiate the claim until pressed on cross-examination. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

We also defer to the IJ's finding that Gong's demeanor reflected negatively on his credibility. Because Gong initially denied having lied to an immigration officer, the IJ reasonably found his later apology insincere. That finding, and the IJ's finding that Gong appeared anxious,

4

were connected to his inconsistent testimony regarding his fraudulent claim, and are therefore supported by the record and entitled to deference. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Given Gong's inconsistent applications and insincere and anxious demeanor, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167.

These credibility problems were not resolved by Gong's corroborating evidence. Although Gong's church friend testified on his behalf, the IJ reasonably gave his testimony little weight because he admitted knowing little about Gong. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to evidence lies largely within agency's discretion). The IJ also properly found that Gong's letters and baptismal certificate did not rehabilitate his testimony because the authors were unavailable for cross-examination and the baptismal certificate did not establish that he continued to practice Christianity. *See id.; see also Matter of H-L-*

5

*H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters whose authors were not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

AS Gong argues, he was not required to obtain official authentication of certificates from Chinese agencies pursuant to 8 C.F.R. § 287.6. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005). However, he did not attempt to authenticate through any other means. Such a failure "is significant" when, as here, the certificates were not created contemporaneously to the events described and the applicant was found not credible. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. at 215 n.5; *see also Siewe*, 480 F.3d at 170.

The only evidence of a threat to Gong's life or freedom depended upon his credibility, so the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7